UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KARA SOMMERVILLE,

    Plaintiff,

                                CASE NO.:

v.

HIGHER TECH REALTY FL, LLC
d/b/a MARK SPAIN REAL ESTATE,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KARA SOMMERVILLE, by and through undersigned counsel, brings this action against Defendant, HIGHER TECH REALTY FL, LLC d/b/a MARK SPAIN REAL ESTATE, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12101 *et seq.* This Court also has pendent jurisdiction over the state law claims.

3. Venue is proper in this District, because all of the events giving rise to these claims occurred in Orange County which is in this District.

## **PARTIES**

4. Plaintiff is a resident of Seminole County, Florida.

5. Defendant operates a real estate company throughout Florida, and Plaintiff applied to work for Defendant at various locations throughout Florida, including in Orlando, in Orange County, Florida.

## **GENERAL ALLEGATIONS**

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

## **FACTS**

11. In or around June 2023, Plaintiff applied for the position of Director of Sales for Defendant.

12. Again, in or around November 2023, Plaintiff applied for the position of Director of Sales for Defendant.

13. In or around December 2023, Plaintiff applied for the position of Regional Director for Defendant.

14. Defendant refused to hire Plaintiff for either of these positions, after Plaintiff disclosed to Defendant Plaintiff's disability.

15. Plaintiff suffers from a disability that qualifies as a disability/handicap under the ADA and the FCRA, and as such, is a member of a protected class under the ADA and the FCRA.

16. Specifically, Plaintiff sustained a traumatic brain injury ("TBI") in or around January 2023, causing Plaintiff to now suffer from severe migraines and hearing loss in her left ear.

17. In or around June 2023, Plaintiff first applied for the Director of Sales position with Defendant in Orlando, Florida.

18. Around this time, Plaintiff had a phone interview with Katelyn Fletcher, an employee of Defendant's.

19. In or around August 2023, Defendant asked Plaintiff take a behavioral index assessment, as part of Plaintiff's consideration for the position of Director of Sales, which Plaintiff did.

20. In or around November 2023, Plaintiff again applied for the Director of Sales position with Respondent in Orlando, Florida, as she had not heard back regarding her prior application to this position.

21. Shortly thereafter, on or around November 3, 2023, Plaintiff was interviewed by Shauna Peters ("Ms. Peters"), an employee of Defendant.

22. As the initial interview with Ms. Peters went well, Plaintiff then had another interview with Ms. Peters on or around November 14, 2023.

23. During this interview, Ms. Peters expressed how she believed that Plaintiff would be a great fit for the role, based on the "behavioral index" assessment that Plaintiff had taken as part of the application process and based on Plaintiff's conversations with Ms. Peters.

24. During this interview, Ms. Peters and Plaintiff discussed pay range, bonuses, and benefits.

25. Ms. Peters advised that she would be in touch with Plaintiff for the next interview, which would be with the Vice President of Sales.

26. Additionally, during this interview, Plaintiff disclosed her disability to Ms. Peters.

27. Plaintiff expressed to Ms. Peters that she cannot perform real estate agent functions, due to her disability, but that she would still be able to perform the essential functions of this role for which she applied.

28. Plaintiff was qualified for this position and was able to perform the essential functions of the job for which she applied with or without accommodation.

29. However, after Plaintiff disclosed her disability to Defendant, she did not hear back from Defendant about the position for which she had applied and interviewed, despite Ms. Peters having advised Plaintiff that Defendant would be in touch to schedule another interview with the Vice President of Sales.

30. Defendant denied Plaintiff this position, via non-response.

31. Defendant denied Plaintiff this position based on Plaintiff's disability, in violation of the ADA and FCRA.

32. Plaintiff objected to this discrimination against her.

33. Shortly thereafter, in or around early December 2023, Plaintiff applied for another role with Defendant—the position of Regional Director of Sales.

34. Again, Plaintiff was qualified for this position and was able to perform the essential functions of the job for which she applied with or without accommodation.

35. In response to Plaintiff's application, on or around December 8, 2023, Dave (a recruiter for Defendant) requested that Plaintiff complete a one-way "video interview" through a website, which Plaintiff promptly did.

36. However, Plaintiff did not receive a response to her video interview.

37. Plaintiff messaged Dave on or around December 9, 2023, but still received no response.

38. On or around December 13, 2023, Plaintiff followed up with Dave for a second time.

39. Finally, Dave responded to Plaintiff, informing Plaintiff that Defendant will get back to Plaintiff, hopefully, that same week.

40. However, Defendant's response never came.

41. Ultimately, on or around December 20, 2023, Plaintiff reached back out to Dave to inquire about the position again and inform Defendant that she had re-applied online for the position.

42. Plaintiff and Dave engaged in correspondence, wherein Dave suggested that because Plaintiff had been denied from a previous position with Defendant, Defendant was also denying Plaintiff's application to this position.

43. Plaintiff objected to Defendant's discrimination against her, stating, via text message, "[i]t feels like a lot of . . . discrimination in the hiring process here."

44. Plaintiff subsequently corresponded with one of Defendant's Talent Acquisition Specialists, who informed Plaintiff that Defendant still had openings for Directors.

45. Plaintiff was also qualified for these positions and would have been able to perform the essential functions of the jobs.

46. Despite having open positions, Defendant rejected Plaintiff, based on her disability, in violation of the ADA and FCRA.

47. After Plaintiff engaged in protected activity, Defendant still failed to hire her for subsequent director positions, despite having open positions and Plaintiff being qualified for these positions.

48. Defendant discrimination against Plaintiff based on her disability and retaliated against her for engaging in protected activity, in violation of the ADA and FCRA.

## **COUNT I – ADA VIOLATION**
## **(DISABILITY DISCRIMINATION)**

49. Plaintiff realleges and readopts the allegations of paragraphs 6 through 48 of this Complaint, as though fully set forth herein.

50. Plaintiff is a member of a protected class under the ADA.

51. Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

52. Specifically, Defendant failed to hire Plaintiff for multiple positions, after Plaintiff disclosed her disability to Defendant.

53. Defendant's actions were willful and done with malice.

54. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter an injunction restraining continued violation of the ADA;

    d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    e)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    f)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    g)    Any other compensatory damages, including emotional distress, allowable at law;

    h)    Punitive damages;

    i)    Prejudgment interest on all monetary recovery obtained.

    j)    All costs and attorney's fees incurred in prosecuting these claims; and

    k)    For such further relief as this Court deems just and equitable.

## COUNT II – ADA RETALIATION

55. Plaintiff realleges and readopts the allegations of paragraphs 6 through 48 of this Complaint, as though fully set forth herein.

56. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

57. Plaintiff engaged in protected activity under the ADA by objecting to Defendant's discriminatory failure to hire Plaintiff, based on Plaintiff's disability.

58. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by subsequently refusing to hire Plaintiff for other positions with Defendant.

59. Defendant's actions were willful and done with malice.

60. The adverse employment action that Defendant took against Plaintiff was material.

61. Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- a) A jury trial on all issues so triable;
- b) That process issue and that this Court take jurisdiction over the case;
- c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;
- d) That this Court enter an injunction restraining continued violation of the ADA;
- e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;
- f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;
- g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    h)    Any other compensatory damages, including emotional distress, allowable at law;

    i)    Punitive damages;

    j)    Prejudgment interest on all monetary recovery obtained.

    k)    All costs and attorney's fees incurred in prosecuting these claims; and

    l)    For such further relief as this Court deems just and equitable.

### COUNT III – FCRA VIOLATION
### (HANDICAP DISCRIMINATION)

62. Plaintiff realleges and readopts the allegations of paragraphs 1 through 48 of this Complaint, as though fully set forth herein.

63. Plaintiff is a member of a protected class under the FCRA.

64. Plaintiff was subjected to disparate treatment on the basis of her handicap, disability, and/or perceived handicap/disability.

65. Defendant's actions were willful and done with malice.

66. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 48 of this Complaint, as though fully set forth herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. Plaintiff engaged in protected activity under the FCRA by objecting to Defendant's discriminatory failure to hire Plaintiff, based on Plaintiff's disability.

33. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by subsequently refusing to hire Plaintiff for other positions with Defendant.

34. Defendant's actions were willful and done with malice.

35. Defendant took material adverse action against Plaintiff.

36. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising her rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

  k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 10th day of February, 2025.

         Respectfully submitted,

         */s/ Brandon J. Hill*
         **BRANDON J. HILL**
         Florida Bar Number: 0037061
         Direct Dial: 813-337-7992
         **HANNAH E. DEBELLA**
         Florida Bar Number: 1026002
         **WENZEL FENTON CABASSA, P.A.**
         1110 N. Florida Avenue, Suite 300
         Tampa, Florida 33602
         Main Number: 813-224-0431
         Facsimile: 813-229-8712
         Email: bhill@wfclaw.com
         Email: hdebella@wfclaw.com
         Email: aketelsen@wfclaw.com
         **Attorneys for Plaintiff**